People v DeJesus

2026 NY Slip Op 02666

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Nelson DeJesus, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2022-10375, (Ind. No. 1136/21)

Colleen D. Duffy, J.P.

Linda Christopher

Barry E. Warhit

Elena Goldberg Velazquez, JJ.

Patricia Pazner, New York, NY (Sankeerth Saradhi of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Elizabeth Gomiela of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered December 15, 2022, convicting him of attempted assault in the first degree (two counts) and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant's contention that the Supreme Court violated his Sixth Amendment right to confrontation by admitting into evidence two laboratory files related to DNA analysis performed by the Office of the Chief Medical Examiner of the City of New York and the accompanying testimony of an analyst from that office is only partially preserved for appellate review (see CPL 470.05[2]; People v Cabrera, 243 AD3d 672, 674; People v Bostic, 236 AD3d 1051, 1054). To the extent that the issue is preserved, the admission of the files and testimony did not violate the Confrontation Clause because the analyst who testified performed the generation of the relevant DNA profiles and conducted the relevant analysis (see People v Rodriguez, 242 AD3d 1124, 1125; People v Pascall, 164 AD3d 1265, 1266).

Contrary to the defendant's contention, his counsel was not ineffective (see People v Wright, 237 AD3d 758, 759; People v Tirado, 221 AD3d 834, 835).

The remaining issues raised by the defendant are unpreserved for appellate review, and we decline to exercise our interest of justice jurisdiction to review those unpreserved issues (see People v Hernandez, 209 AD3d 672).

CONNOLLY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court